IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| McANDREWS LAW OFFICES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 06-cv-5501 |
| | : | |
| THE SCHOOL DISTRICT OF | : | |
| PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Presently pending is Defendant's Motion to Dismiss, and the response thereto.  For the following reasons, Defendant's Motion will be granted in part, and denied in part.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a Pennsylvania law firm, filed the instant action against Defendant seeking to recover attorney's fees in connection with Plaintiff's representation of the parents of a minor school child in an administrative action against the Defendant pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1415(i)(3)(B) (hereinafter "IDEA").

The administrative proceeding against Defendant began in 2005.  Def.'s Mem. of Law at 1.  The matter was resolved prior to a due process hearing at a resolution meeting, and a settlement agreement was signed on or about March 9, 2006.  Complaint at ¶ 3.  As part of the settlement agreement, Defendant agreed to pay the parents' reasonable attorney's fees.  Complaint at ¶ 4.  Plaintiff submitted its bill for attorney's fees to Defendant, but after several months, the parties were unable to reach agreement regarding the amount of reasonable fees.  Complaint at ¶¶ 5-13.

Plaintiff's Complaint seeks relief on two grounds; in Count one Plaintiff seeks recovery for attorney's fees arguing that it is a third party beneficiaries to the settlement agreement, and in Count two it seeks recovery for additional counsel fees incurred in pursuit of the instant action, claiming that if successful, Plaintiff will qualify as a "prevailing party" under a portion of

the IDEA which permits a court to award reasonable attorney's fees to prevailing parties. 20 U.S.C. § 1415(i)(3)(B)(i)(I-II), Complaint at pg. 4, 5.

Defendant advances two arguments in support of its motion to dismiss. First, Defendant argue that Plaintiff is not a "real party in interest" and does not have capacity or standing to sue under Federal Rules of Civil Procedure 17(a) and (b) respectively, and second Defendant argues that Plaintiff is not entitled to "prevailing party" status within the meaning of the IDEA. Def.'s Mot. to Dismiss at ¶¶ 5, 9, 11. Defendant also requests that the court strike two exhibits and any references to the exhibits as "impertinent" and "immaterial" under Federal Rule of Civil Procedure 12(f). Def.'s Mot. to Dismiss at ¶ 19.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a complaint for failure to state a cause of action only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The court "must take all the well pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988). In Swierkiewicz, the United States Supreme Court addressed the liberal pleading standards set forth in Fed. R. Civ. P. 8(a)(2), noting that Fed. R. Civ. P. 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz, 534 U.S. at 508. The Supreme Court further noted that the statement of facts must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Plaintiff seeks recovery as third party beneficiaries to the settlement agreement, which provided, in part, for payment of the parents' attorney's fees. The settlement agreement is a contract and its interpretation is a matter of law. Augustine Med., Inc. v. Progressive Dynamics, Inc., 194 F.3d 1367, 1370 (Fed. Cir. 1999). Federal courts apply the state's contract law in

interpreting a settlement agreement. See Gjerlov v. Schuyler Lab. Inc., 131 F.3d 1016, 1020

(Fed. Cir. 1997); Univ. of W. Va. v. Van Voorhies, 278 F.3d 1288, 1296 (Fed. Cir. 2002).

Under Pennsylvania law, a party becomes an intended third party beneficiary "where

both parties to the contract express an intention to benefit the third party in the contract itself..."

Scarpitti v. Weborg, 530 Pa. 366, 37-73 (Pa. 1992)

The Settlement Agreement states, in relevant part:

6.      Attorney's Fees and Costs: The District will, within 60 days of receiving a
detailed invoice and the closing documents referenced herein, pay reasonable
attorney's fees and costs to Sarah Davis, Esquire, for time expended and costs
on this matter.  The Agreement to pay attorney's fees and costs is not an
admission that parents are a "prevailing party" pursuant to IDEA ....

Def.'s Mot. to Dismiss, Exhibit A (internal citations omitted).

A plain reading of this language indicates an intent by the parties to benefit Plaintiff.

The agreement specifically names Ms. Davis, an employee of Plaintiff, and agrees to pay

reasonable attorneys fees within a specific period of time.  The court therefore concludes that

Plaintiff is an intended third party beneficiary to the agreement.

Defendant argues that even if the court were to conclude that Plaintiff is a third party

beneficiary, that it is still not entitled to relief because it is not the "real party in interest" and

does not have capacity or standing to sue.

Where the question involved is whether a plaintiff is a real party in interest under

Federal Rule of Civil Procedure Rule 17(a), a federal court will first look to state law to

determine who has a substantive right of action.  See American Fidelity & Casualty Co. v All

American Bus Lines, Inc. 179 F.2d 7 (10th Cir. 1949).   Pennsylvania has adopted the

Restatement (Second) of Contracts as a guide for analysis of third party beneficiary claims.

Scarpitti v. Weborg, 530 Pa. 366, 370-71 (Pa. 1992).   Section 307 of the Restatement

(Second) sets forth the remedies available to third party beneficiaries,

Where specific performance is otherwise an appropriate remedy, either the
promisee or the beneficiary may maintain a suit for specific enforcement of a
duty owed to an intended beneficiary.

Restatement (Second) of Contracts § 307 (1979).  Section (a) of the comment to the Section

307 states, in relevant part:

> Where a contract creates a duty to a beneficiary under the rule stated in § 304,
> the beneficiary is a proper party plaintiff either in an action for damages or in a
> suit for specific performance. He is the real party in interest within the meaning
> of any statute requiring suit to be brought by such a party.

Restatement (Second) of Contracts  § 307, Comment (a) (1979).  Thus, under Pennsylvania

law, a third party beneficiary is a "real party in interest" and may bring suit to enforce his or her

interest.  As the court has concluded that Plaintiff is a third party beneficiary as plead in the

instant action, under Pennsylvania law it qualifies as a "real party in interest."

Plaintiff's second count seeks relief on the theory that, if successful in Count one, it

would be a "prevailing party" within the meaning of the IDEA, and entitled to recover attorney's

fees for the time spent pursuing the instant action before this court.  The relevant section of the

IDEA states:

> (B) Award of attorneys' fees.
>     (i) In general. In any action or proceeding brought under this section, the court, in
> its discretion, may award reasonable attorneys' fees as part of the costs--
>         (I) to a prevailing party who is the parent of a child with a disability;
>         (II) to a prevailing party who is a State educational agency or local educational
> agency against the attorney of a parent who files a complaint or subsequent cause of
> action that is frivolous, unreasonable, or without foundation, or against the attorney of a
> parent who continued to litigate after the litigation clearly became frivolous,
> unreasonable, or without foundation; or
>         (III) to a prevailing State educational agency or local educational agency against
> the attorney of a parent, or against the parent, if the parent's complaint or subsequent
> cause of action was presented for any improper purpose, such as to harass, to cause
> unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i)(I-III).

Plaintiff is neither the parent of a child with a disability, nor a State or local educational

agency.  Thus, while it may recover as a third party beneficiary to the parents' settlement

agreement, it does not have an independent cause of action under the IDEA.  Therefore, Count

two of Plaintiff's complaint will be dismissed.

Finally, Defendant seeks to have Plaintiff's Exhibits "F" and "H," which are copies of

letters sent from Defendant regarding possible settlement, stricken pursuant to Federal Rule of

Civil Procedure 12(f), which permits a court to strike material from a pleading that is "redundant, immaterial, impertinent, or scandalous..." Fed. R. Civ. P. 12(f).  Defendant argues that because the documents would not be admissible at trial under Federal Rule of Evidence 408 that the Exhibits are immaterial and impertinent.  At this stage of the proceedings, the court will not strike pleadings simply because they may not later be admissible at trial.  Defendant's Motion to Strike will therefore be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| McANDREWS LAW OFFICES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 06-cv-5501 |
| | : | |
| THE SCHOOL DISTRICT OF | : | |
| PHILADELPHIA, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 9th day of February, 2007, **IT IS HEREBY ORDERED** that Defendant's

Motion to Dismiss is **GRANTED** in part, and **DENIED** in part.  **IT IS FURTHER ORDERED** that:

1.    Defendant's Motion to Dismiss Count One of Plaintiff's Complaint is **DENIED**;

2.    Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint is **GRANTED**;

3.    Defendant's Motion to Strike is **DENIED**.

4.    The Defendant is **ORDERED** to file an answer within 20 days of the date of this

Order.  Upon the filing of the answer, the court will, at the request of either party,

refer the matter to the Honorable Lowell Reed, United States District Court

Judge, for mediation.

BY THE COURT:

s/Clifford Scott Green

CLIFFORD SCOTT GREEN, S.J.